Saul S. Streit, J.
Plaintiff moves pursuant to rule 109 of the Rules of Civil Practice and sections 241 and 242 of the Civil Practice Act, to' strike out the first, second and third defenses for insufficiency.
One Panciroli delivered to defendant, at its office in Caracas, Venezuela, 100,500 Venezuelan bolívares to purchase $30,000 in United States currency. Defendant did deliver to Panciroli a *29 receipt for the deposit and six checks each in the sum of $5,000 and dated December 4, 1958, payable in dollars in New York City. The first two checks were paid. Payment on the four remaining checks was refused and this action is brought on those checks by plaintiff assignee.
In the first defense it is alleged that the defendant is a foreign exchange house maintaining a branch office in Caracas, Venezuela, where the documents in suit were issued. Pursuant to title VI, article 24 of the Banking Law of Venezuela, foreign exchange houses may be authorized to deal in the purchase, sale and exchange of foreign bank notes only. Contrary to such law, the transactions referred to in the complaint involve the selling of dollar drafts or the making of foreign remittances. Violation of the Banking Law involves criminal penalty under title XI, article 65 of the Banking Law of Venezuela and the issuance of the documents in suit was in violation of that law. In addition, article 1.157 of the Civil Code of Venezuela provides that an obligation under a contract, the object of which is unlawful, is without effect. Consequently, the agreement referred to in the complaint and the issuance of the documents thereunder were contrary to the laws and the public policy of Venezuela and are therefore void and unenforcible in law and in equity. Of this defense the plaintiff urges that the defendant alleges illegality without more and therefore the pleading lacks appropriate factual allegation. The contention that the first defense fails to set out the text or the substance of the laws relied on is wholly without merit. The substance of the statutes and their citation are sufficiently set forth, as well as the facts which defendant claims render the transaction void under those laws.
In the second defense the defendant alleges that the documents in suit were issued without consideration of any kind whatsoever to the defendant. Of this defense the plaintiff urges that the allegation is wholly conclusory. The allegation is, however, of ultimate fact and there is no other way to state a claim of total absence of consideration.
In the third defense it is alleged that the documents in suit were signed by one Sabella in excess of and contrary to his authority and beyond the scope of his powers. This, too, is an allegation of ultimate fact and the defense is not conclusory. The motion is denied.